IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID E. KATES,

    Plaintiff,

v.

B.A. BLEDSOE, et al.,

    Defendant.

NO. 3:11-CV-00391

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court are the following: (1) Plaintiff's Objection to Magistrate Judge Smyser's Report and Recommendation ("R & R") of September 22, 2011; (2) Plaintiff's Motion for a Preliminary Injunction; and, (3) Plaintiff's Motion for Default Judgment.

In the report, Magistrate Judge Smyser recommended that the Motion for a Preliminary Injunction be denied due to the Plaintiff's failure to establish either (1) a likelihood of success on the merits or (2) irreparable injury. He further recommended that the Motion for Default Judgment be denied, since the Defendant is not in default. The Court agrees, and will deny the motions. The Court will also recommit this case to Magistrate Judge Smyser for further proceedings.

## BACKGROUND

Plaintiff David E. Kates, an inmate of the United States Penitentiary ("USP") at Lewisburg, Pennsylvania, initiated a *pro se* Eighth Amendment claim based on conditions of confinement by filing his complaint on March 1, 2011 (Doc. 1).

The complaint names B.A. Bledsoe, the Warden of the USP Lewisburg, and Harley G. Lappin, the Director of the Federal Bureau of Prisons, as Defendant's. *Id.* The court has

since dismissed the claim against Lappin. (Doc. 39, p.2). Plaintiff states that Defendant Bledsoe "is the primary caretaker/head of USP Lewisburg." (Doc. 1, at 2). As a result, Plaintiff alleges that Defendant has "authority to enforce all program statements and all other policies governing the prison." (Doc. 39, at 2). Plaintiff claims that Bledsoe has failed to adequately respond to Plaintiff's complaint. (Doc. 1, at 4).

Plaintiff's complaint alleges an Eight Amendment violation due to "inhumane living conditions" at the USP. (Doc. 1, at 4). Specifically, Plaintiff alleges: (1) hot prison cells which are not properly ventilated, lack proper air circulation, and can reach temperatures up to 120 degrees; (2) confinement to the prison cells for 23-24 hours each day; (3) mice and roach infestation; and, (4) rusty toilets, lead paint, and traces of asbestos. (Doc. 1, at 4-5). Plaintiff alleges these conditions have made him unable to eat, sleep, think, urinate, or defecate on a normal basis. (Doc. 1, at 13).

As stated above, both Plaintiff's Motion for a Preliminary Injunction and Motion for Default Judgment were denied in the R & R by Magistrate Judge Smyser.(see Doc. 39). As to the Motion for a Preliminary Injunction, the incidents raised by Plaintiff are completely different than those raised in the complaint. (see Doc. 19). Plaintiff then filed an Objection to the R & R (Doc. 44), essentially reiterating his allegations. The Motions are ripe and ready for review.

## STANDARD OF REVIEW

When a party objects to the magistrate judge's report, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely

and specific, Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its de novo review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. See 28 U.S.C. § 636(b)(1); Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is de novo, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980); Goney, 749 F.2d at 7; Ball v. United States Parole Comm'n, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. See Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. See, e.g., Cruz v. Chater, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

I.  **MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff filed a Motion for a Preliminary Injunction seeking to prevent Defendant from continuing to "oppress, intimidate, retaliate, and torture Plaintiff." (Doc. 18 at 5). When seeking a preliminary injunction, a party must be able to establish the following: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010).

A.  **Likelihood of Success on the Merits**

Plaintiff is unable to establish a likelihood of success on the merits because the

evidence of record displays that the prison conditions do not amount to an Eighth Amendment violation. To establish such a violation, one "must prove both an objective element-that the deprivation was sufficiently serious, and a subjective element-that a prison official acted with a sufficiently culpable state of mind." *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992).

As to the objective component, an Eighth Amendment violation occurs when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Additionally, certain conditions might establish an Eight Amendment violation when held "in combination," provided such conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). As to the subjective component, the question is whether the defendant acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Thus, when considering a claim under the Eight Amendment, courts must inquire as to whether "the officials act[ed] with a sufficiently culpable state of mind" and whether the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.*

Considering the objective component, the first inquiry is whether the Plaintiff was deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. First, Plaintiff asserts that he was deprived of "medical [sic] and sanitation." (Doc. 44, at 3). Additionally, Plaintiff states that temperatures reach over 100 degrees due to the lack of ventilation. (Doc. 44, at 4). Further, Plaintiff alleges that roaches, rodents, and vermin

4

are living and breeding throughout his living quarters.

In regards to the alleged medical deprivation, Plaintiff received written notice that his alleged medical problems "did not require [an] urgent, unscheduled evaluation." (Doc. 1, at 17). Next, addressing the alleged temperature problems, USP staff informed Plaintiff that he "[would] be treated" in the event that he suffered from "significant heat stress." (Doc. 1, at 13). Further, Plaintiff was informed that although the heat and humidity cause great discomfort to many inmates, they are "not life threatening." (Doc. 1, at 14). In response to Plaintiff's request regarding the extreme heat in the cells, he was informed to take the complaint to his "unit team" or the "safety office." (Doc. 1, at 16).

In addressing the other said complaints, an administrative report dated February 4, 2011 states the following:

> Our review further reveals you were properly informed that all asbestos has been removed from inmate living areas. You were also properly informed that all housing units are treated monthly for pests, however, if you continue to have problem[s] with pests, you may submit an "Inmate Request to Staff" to the safety Department to receive additional pest treatments to your cell. You are encouraged to access sick call to be evaluated if you feel your health has been adversely affected.

(Doc. 1, at 27).

The Constitution does not mandate comfortable prisons. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Conditions which are not cruel and unusual are not unconstitutional. *Rhodes*, 452 U.S. at 347 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* Although Plaintiff complains about harsh conditions, he has not presented evidence showing a denial of the minimal measure of life's necessities. First, it was determined that the heat conditions were not life threatening. Additionally, Plaintiff

was informed that he would receive treatment upon suffering significant heat stress. Further, although Plaintiff alleges unsanitary conditions, the administrative report indicates that the housing units are free from asbestos and are treated for pets on a monthly basis. As a result, Plaintiff is unable to establish the objective component to his Eight Amendment claim. He has not presented evidence showing that he was deprived the minimal measure of life's necessities.

As to the subjective component, "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). As indicated above, Plaintiff has failed to establish the deprivation. Therefore, it follows that without the deprivation, there is no substantial risk of serious harm. As a result, Defendant did not have the duty to take reasonable measures to reduce Plaintiff's risk of serious harm. Plaintiff has provided administrative responses signed by Defendant in which the Defendant generally indicates his disagreement with the Plaintiff's characterizations of the conditions at the USP. Although such responses may show that Defendant was aware of the Plaintiff's complaints, the Court does not find that Defendant knows Plaintiff faces a substantial risk of serious harm from the conditions of confinement.

### B. Irreparable Harm if the Injunction is Denied

Plaintiff is also unable to prove irreparable injury since all issues were addressed and resolved by the prison personnel. First, the Plaintiff carries the burden of showing that "irreparable injury is likely in the absence of an injunction. *Winter v. Natural Res. Def.*

*Council, Inc.*, 555 U.S. 7, 22 (2008). To demonstrate irreparable harm, a party must show "a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000).

As previously stated, Plaintiff was informed that the housing units were treated for pests on a monthly basis. Further, the evidence of record indicates that Plaintiff is receiving medical care for symptoms he is unable to correlate with the living conditions. Plaintiff is receiving medical care and steps have been taken to alleviate or lessen the roach and rodent problem. Plaintiff therefore has not shown that he will be irreparably injured if a preliminary injunction is not issued.

### C. Granting Relief Will Result in Greater Harm to Defendant

In determining whether to grant the injunction, courts will balance the hardships to ensure that its issuance will not harm the non-moving party more than a denial would harm the moving party. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 727 (3d Cir. 2004). Additionally, the more likely a particular party is to win, the less they will need in terms of "harms" to weigh in their favor. *Id.* at 729.

Because Plaintiff is unable to establish the prior two elements of likelihood of success and irreparable harm, he must show significant evidence of hardships. Although Plaintiff requests the injunction in order to prevent the alleged oppression, intimidation, retaliation, and torturing, he bases the argument on the conditions of his confinement. Therefore, the hardships Plaintiff seeks to prevent will not be remedied through a grant of the injunction. For example, preventing alleged "intimidation" will not change the

temperature within the prison or the overall conditions of his confinement.

Additionally, a court may not grant a preliminary injunction when the issues raised are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). *See also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). The purported incidents raised in the Motion for a Preliminary Injunction are completely different from the issues raised in the complaint, and therefore, it must be denied.

### D. Relief is Not Favored by Public Interest

If a party can demonstrate "both a likelihood of success on the merits and irreparable injury," public interest will typically favors that particular party. *Miller v. Skumanick*, 605 F. Supp. 2d 634, 647 (M.D. Pa. 2009) *aff'd sub nom. Miller v. Mitchell*, 598 F.3d 139 (3d Cir. 2010). However, courts should still weigh all four factors before deciding whether to grant the injunction. *Id.*

Plaintiff essentially claims that issuing the injunction will serve the public interest by preventing irreparable injury. (Doc. 18, at 4). However, as discussed earlier, Plaintiff failed to show that he will be irreparably injured if the Motion is denied. Thus, it would be improper for this Honorable Court to grant the Motion for Preliminary a Injunction.

### II. MOTION FOR A DEFAULT JUDGMENT

By an Order dated May 11, 2011, Magistrate Judge Smyser ordered Defendant to file a response to Plaintiff's motion for a preliminary injunction within twenty-one days of service. (Doc. 17, at 2-3). Service was completed by a U.S. Marshall on August 9, 2011. (Doc. 35). Defendant then filed a brief in opposition to Plaintiff's motion on August 24,

2011, which satisfies the twenty-one day requirement. On July 12, 2011, Plaintiff filed a motion for a default judgment. (Doc. 24). Plaintiff declares that he is entitled to default judgment due to Defendant's failure to respond in a timely matter. However, as mentioned, Defendant complied with the twenty-one day order. Thus, Defendant is not in default.

42 U.S.C. § 1997e(g) provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

Thus, according to 42 U.S.C. § 1997e(g)(1), Defendant may waive his right to respond to the complaint. Since Defendant has not waived his right, and has in fact filed a Brief in Opposition to the Motion for Default Judgment, it would be improper for this Court to grant the said Motion.

### **CONCLUSION**

For the reasons stated above, the Court will deny both the Plaintiff's Motion for a Preliminary Injunction and Motion for a Default Judgment.

An appropriate order follows.

2/6/2012  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge