# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID E. KATES,

    Plaintiff,

    v.

B.A. BLEDSOE,

    Defendant.

CIVIL ACTION NO. 3:CV-11-0391

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

## **MEMORANDUM**

Presently before the Court is the Magistrate Judge's Report and Recommendation (Doc. 136) recommending that Plaintiff David E. Kates' Motion for a Preliminary Injunction and a Temporary Restraining Order (Doc. 111) be denied. Because the motion addresses matters unrelated to the claims in this case, Plaintiff's motion will be denied.

## **I. Background**

Plaintiff, a federal prisoner proceeding *pro se*, commenced this *Bivens* action on March 1, 2011. The Complaint names B.A. Bledsoe, the Warden of the United States Penitentiary at Lewisburg ("USP Lewisburg"), and Harley G. Lappin, the Director of the Federal Bureau of Prisons, as the Defendants in this action.

The Complaint raises claims regarding the conditions of Plaintiff's confinement at USP Lewisburg. (*Compl.*) Specifically, Plaintiff alleges that he is kept in his cell twenty-three (23) to twenty-four (24) hours per day, the cell can reach 120 degrees due to improper ventilation, the cell is rat and roach infested, and the cell has rust around the toilet, chipped lead paint, and traces of asbestos. (*Id.*) Due to these conditions, Plaintiff's health has deteriorated, as he has lost weight and suffered from insomnia and respiratory problems. (*Id.*)

On July 2, 2012, Plaintiff filed the instant motion seeking a temporary restraining order and preliminary injunctive relief. (Doc. 111.) According to Plaintiff, he was brutally

beaten and denied timely medical care in May 2012. As a result, Plaintiff seeks an order enjoining officers from retaliating, harassing, assaulting, poisoning, or otherwise harming him in any manner.

**II. Discussion**

The Magistrate Judge recommends the motion be denied. Specifically, the Magistrate Judge noted that the Complaint raises claims for the alleged intolerable living conditions in Plaintiff's cell, while the instant motion raises unrelated claims regarding abuse and denial of medical care. And, because a court may not grant preliminary injunctive relief when the issues raised are entirely different from those raised in the complaint, the Magistrate Judge recommends Plaintiff's motion be denied.

Plaintiff filed timely objections to the Report and Recommendation. Plaintiff argues that he was assaulted and denied medical care because he commenced this legal proceeding and also because he has filed administrative grievances against various prison officials. Thus, he asserts that the assault and denial of medical care are related to the claims in this action contrary to the Magistrate Judge's Report and Recommendation.

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749

2

F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the least, uncontested portions should be reviewed for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

The Magistrate Judge's recommendation will be adopted and Plaintiff's motion will be denied. "[I[t is well established that a court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint." *Lee v. Lindsay*, No. 06-1824, 2007 WL 1120562, at *1 (M.D. Pa. Apr. 13, 2007) (citing *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985)); *see also First Health Grp. Corp v. Nat'l Prescription Adm'rs, Inc.*, 155 F. Supp. 2d 194, 233 n.10 (M.D. Pa. 2001) ("This Court will not award a preliminary injunction on grounds not raised in the complaint, as there is, by virtue of the absence of the issue from the complaint, no likelihood of success on the merits."). Here, as noted by the Magistrate Judge, the Complaint is predicated on the allegedly unconstitutional conditions in Plaintiff's prison cell. The request for preliminary injunctive relief, however, implicates incidents of assaults and delays in medical treatment unconnected to the conditions in Plaintiff's cell. As such, Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order (Doc. 111) will be denied.

### III. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and the motion will be denied.

An appropriate order follows.

December 27, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge